UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MARIELITE HARDY, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| v. | ) | NO. 14-10726-JGD |
| | ) | |
| WHIDDEN MEMORIAL HOSPITAL, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM OF DECISION AND ORDER ON
# DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

November 19, 2015

DEIN, U.S.M.J.

## I. INTRODUCTION

The plaintiff, Marielite Hardy, was employed by Cambridge Health Alliance ("CHA")[1] and worked as a Laboratory Assistant in the Phlebotomy Department from July 20, 1994 until February 11, 2011, when her employment was terminated following a physical altercation between the plaintiff and another employee. She filed this *pro se* action on February 27, 2014, complaining that she had been denied a promotion in 2009 "in favor of a new employee who was younger and white[,]" and asserting that she had been fired and denied unemployment benefits due to a false accusation that she "was aggressive towards a co-worker." (Compl. (Docket No. 1)). This matter is before the court on the defendant's Motion for Judgment on the Pleadings, brought pursuant to Fed. R. Civ. P. 12(c). (Docket No. 41). The plaintiff has failed

---

[1] Although she names Whidden Memorial Hospital as the defendant, it is undisputed that the plaintiff was employed by Cambridge Health Alliance, which has appeared to defend this action.

to oppose the motion, although given several opportunities to do so. Nevertheless, this court is obligated to examine the merits of the motion, which it has done. See Vega-Encarnacion v. Babilonia, 344 F.3d 37, 41 (1st Cir. 2003) ("If the merits are at issue, the mere fact that a motion to dismiss is unopposed does not relieve the district court of the obligation to examine the complaint itself to see whether it is formally sufficient to state a claim."). For the reasons detailed herein, this court finds that the plaintiff has failed to state a viable claim. The motion for judgment on the pleadings is ALLOWED.

## II. **STATEMENT OF FACTS**

A motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) "implicates the pleadings as a whole." Aponte-Torres v. Univ. of P.R., 445 F.3d 50, 54-55 (1st Cir. 2006). In ruling on a motion for judgment on the pleadings, "the court must view the facts contained in the pleadings in the light most favorable to the nonmovant and draw all reasonable inferences therefrom to the nonmovant's behoof." R.G. Fin. Corp v. Vergara-Nunez, 446 F.3d 178, 182 (1st Cir. 2006). Applying this principle, the relevant facts are as follows.

### The MCAD Proceedings

On November 18, 2011, Ms. Hardy filed a charge of discrimination with the Massachusetts Commission Against Discrimination ("MCAD"). Since the defendant contends that complaints raised in this court were not exhausted before the MCAD, some details about the MCAD proceedings are necessary.[2]

---

[2] The defendant raised the defense of failure to exhaust in its answer. (See Docket No. 8 at Seventh Defense). Therefore, the MCAD Charge and MCAD Findings, which are integral to the issues in dispute, but are not themselves in dispute, are appropriately considered in connection with the pending motion. See Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001) (in connection with a motion to dismiss, court may consider "documents the authenticity of which are not disputed by the

In her MCAD charge, Ms. Hardy alleged that she was discriminated against on the basis of her age and retaliated against in violation of Mass. Gen. Laws ch. 151B, § 4, ¶¶ 1B & 4, the Age Discrimination in Employment Act ("ADEA"), and Title VII of the 1964 Civil Rights Act, as amended.  (See Berube Aff. (Docket No. 42-1) at Ex. 1 ("MCAD Charge"), and Ex. 2 ("MCAD Findings")).  Specifically, Ms. Hardy alleged in relevant part:

> Since Linda Thomas became manager of my department about three (3) years ago, she has continually hired people much younger than me (approximately in their twenties).
>
> In mid-July 2010, I complained to Thomas of a co-worker Rachel Pezzuto's disrespectful treatment of me, establishing a hostile work condition for me. Pezzuto is in her twenties (20s).  She constantly harassed me verbally and physically.  She made me feel very uncomfortable. In a meeting between Pezzuto, Thomas, and me, Thomas said that we two needed to work it out because we have to work with each other.
>
> Two weeks later, Pezzuto resumed her bullying of me.  I did not complain to Thomas again because I did not feel like she would take any direct action.
>
> On February 5, 2011, Pezzuto repeatedly pushed a chair into me, causing me to hit the desk several times.  She slapped me in the face and continued to assault me with the chair.  I did not fight back.  When I asked about film documentation, Dalton Clark (Director of the Lab) and Carol Madio (head of the hospital) said the camera showed nothing.  They alleged that Pezzuto suffered from broken bones and other serious injuries.  I repeated that I did not fight back and demanded evidence.  However, they did not provide any.
>
> On February 11, 2011, I was terminated because of the altercation with Pezzuto.  Clark gave me a paper to sign stating that I will not put my foot back into the Respondent's facilities.  He escorted me from the premises.
>
> I believe that I was discriminated by Thomas because of my age.  She didn't take action because I was the only older phlebotomist.  Furthermore, I believe I was retaliated against by the Respondent because of my previous complaint to Thomas.  Because of this, I was falsely accused of injuring Pezzuto in an altercation that I did not instigate nor fuel.

---

parties;" "official public records;" "documents central to plaintiffs' claim;" or "documents sufficiently referred to in the [pleadings]." (quoting Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993))).

(MCAD Charge at 1-2). The MCAD conducted an investigation, and concluded that Ms. Hardy had failed to produce sufficient evidence to support her claims for either age discrimination or retaliation, that she had actively participated in the workplace fight, and that she had been terminated as a result (along with Ms. Pezzuto). (MCAD Findings at 3-4). The MCAD issued a Lack of Probable Cause finding on November 30, 2012. The EEOC adopted the MCAD Findings and dismissed the matter on November 29, 2013. (Compl. at 2).

Ms. Hardy filed her action in this court on February 27, 2014. In her complaint, Ms. Hardy alleges as follows:

> I was denied a promotion to fulltime in 2009, in favor of a new employee who was younger and white.
>
> An allegation was lodged in February of 2010 against me, stating I was aggressive towards a coworker. The allegation was untrue. I was fired and denied unemployment benefits due to the accusation.

(Compl. at 1). Although Ms. Hardy refers to the accusation against her being made in February 2010, it is clear from the pleadings filed with the MCAD, and the fact that she was fired in February 2011, that the 2010 date is a typographical error. Thus, this court will assume that it was supposed to state February of 2011.

### Procedural History of the Litigation

After the complaint was duly served, the defendant filed an answer on August 13, 2014. The court held a Rule 16(b) conference on October 1, 2014, but Ms. Hardy failed to appear. (Docket No. 19). She did, however, come to the court the next day and the court scheduled another conference for October 29, 2014. (Docket No. 22). The plaintiff appeared and the court set deadlines for initial disclosures and written discovery. (Docket Nos. 23, 24).

The case was reassigned to this Magistrate Judge. On March 13, 2015, CHA filed a Motion to Dismiss for Lack of Prosecution, alleging that Ms. Hardy had failed to comply with the court's scheduling order. (Docket No. 32). A status conference and hearing on the motion was held on April 6, 2015. At that time, this court ordered as follows:

> In light of the plaintiff's appearance and her production of documents to the defendant, Cambridge Health Alliance's motion to dismiss for failure to engage in discovery and to prosecute this action is DENIED WITHOUT PREJUDICE. However, the plaintiff is cautioned that any failure to comply with future deadlines or orders of the court may result in the dismissal of this case with prejudice.

(Docket No. 40 ¶ 1). This court further authorized the defendant to file the instant motion for judgment on the pleadings by May 6, 2015, which it did. No opposition having been filed, on May 27, 2015 this court ordered "that the plaintiff shall file an opposition on or before June 19, 2015 or the Motion will be deemed unopposed." (Docket No. 43). No opposition was filed.

Additional facts will be provided below where appropriate.

### III.  ANALYSIS

#### A.  Standard of Review

Since the defendant has filed an answer to the complaint, the motion before the court is properly one for judgment on the pleadings, brought pursuant to Fed. R. Civ. P. 12(c). See Aponte-Torres, 445 F.3d at 54. The legal standard for evaluating this motion is essentially the same as the standard for evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), except that the pending motion "implicates the pleadings as a whole." Id. at 54-55. Thus, the court accepts as true all well-pleaded facts and draws all reasonable inferences in favor of the plaintiff. Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999). Dismissal is only appropriate if the complaint, so viewed, fails to allege a "plausible entitlement to relief."

Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559, 127 S. Ct. 1955, 1967, 167 L. Ed. 2d 929 (2007)).

"The plausibility inquiry necessitates a two-step pavane." Garcia-Catalan v. United States, 734 F.3d 100, 103 (1st Cir. 2013). "First, the court must distinguish 'the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited).'" Id. (quoting Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012)). "Second, the court must determine whether the factual allegations are sufficient to support 'the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011)) (additional citation omitted). This second step requires the reviewing court to "draw on its judicial experience and common sense." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." Morales-Cruz, 676 F.3d at 224 (quoting SEC v. Tambone, 597 F.3d 436, 442 (1st Cir. 2010)).

Applying these principles compels the conclusion that the motion for judgment on the pleadings should be allowed.

### B.  Timeliness/Failure to Exhaust

The defendant contends that Ms. Hardy failed to exhaust her administrative remedies, since she did not raise the claims described in her complaint in her filing with the MCAD. As noted above, this court has found that the reference in the complaint to February 2010 is a typographical error. Since Ms. Hardy did allege before the MCAD that she was wrongly fired in

February 2011 based on an inaccurate claim that she had fought back and caused injury to her co-worker, this court finds that she exhausted her present claim that she "was fired and denied unemployment benefits due to the accusation" made "in February of 201[1] against [her], stating [she] was aggressive towards a coworker." (Compl. at 1). However, this court also finds that her present contention that she was discriminated against by being denied a promotion to fulltime work in 2009 is untimely, and was not exhausted before the MCAD. Therefore, that claim must be dismissed.

As a prerequisite to bringing suit either under Title VII or the ADEA, the plaintiff must first file a charge of discrimination with the EEOC (or a local Fair Employment Practices Agency with whom it has a Worksharing Agreement, like the MCAD), which sets forth the basis of the alleged discrimination. See Title VII, 42 U.S.C. § 2000e-5(f); ADEA, 29 U.S.C § 626(d)(1). The charge must be filed within 300 days after the alleged unlawful practice occurred. Title VII, 42 U.S.C. § 2000e-5(e)(1); ADEA, 29 U.S.C. § 626(d)(1)(B). The purpose of the requirement that the charge be filed "is to provide the employer with prompt notice of the claim and to create an opportunity for early conciliation." Fantini v. Salem State Coll., 557 F.3d 22, 26 (1st Cir. 2009). In filing a complaint in court, the plaintiff is therefore limited to claims that "come within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Id. (quotations and citations omitted).

In the instant case, Ms. Hardy's complaint of a failure to promote in 2009 occurred much more than 300 days before she filed her 2011 charge with the MCAD. See Ocean Spray Cranberries, Inc. v. Mass. Comm'n Against Discrimination, 441 Mass. 632, 641, 808 N.E.2d 257, 265-66 (2004) (statute of limitations begins to run on the date the employee is denied a

promotion). Moreover, her MCAD charge makes no mention of a failure to promote.[3] Under such circumstances, "the claim must be dismissed for failure to exhaust administrative remedies and the expiration of the statute of limitations." Bradford & Bigelow, Inc. v. Richardson, Civil Action No. 13-11025-RWZ, 2014 WL 949781, at *1 (D. Mass. Mar. 11, 2014) (citing Alston v. Massachusetts, 661 F. Supp. 2d 117, 122-23 (D. Mass. 2009) (dismissing claim of sex discrimination)). See also Bonilla v. Muebles J.J. Alvarez, Inc., 194 F.3d 275, 277-78 (1st Cir. 1999) (filing of claim with the EEOC is a prerequisite to bringing a claim under Title VII).

C. **Sufficiency of Allegations**

A most liberal reading of Ms. Hardy's complaint is that she was terminated from her employment on the basis of her age or race. Where, as here, there is no direct evidence of discrimination, "[her] case is governed in the first instance by the burden-shifting framework of McDonnell Douglas Corp. v. Green," 411 U.S. 792, 802-805, 93 S. Ct. 1817, 1824-26, 36 L. Ed. 2d 668 (1973)." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 823 (1st Cir. 1991). "First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the employee's rejection. Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." Texas Dept.

---

[3] Ms. Hardy's allegations are described in the MCAD Findings as including the claim that "in or about 2009, Lynda Thomas became manager of the department. Complainant claims that since time, Thomas began hiring individuals that were much younger than Complainant (approximately in the 20s)." (MCAD Findings at 1). There is no mention of a failure to promote in 2009.

of Cmty. Affairs v. Burdine, 450 U.S. 248, 252-53, 101 S. Ct. 1089, 1093, 67 L. Ed. 2d 207 (1981) (internal quotation marks and citations omitted).  See also Hicks v. Johnson, 755 F.3d 738, 744 (1st Cir. 2014).  In the instant case, this court will assume, *arguendo*, that Ms. Hardy has established a prima facie case of race and age discrimination.[4]  The defendant has put forth a non-discriminatory reason for her termination — the fact that Ms. Hardy was engaged in a physical altercation with her co-worker.  However, Ms. Hardy has not put forth any facts which would support a finding "that the employer's proffered reason is pretextual and that the actual reason for the adverse employment action is discriminatory." Johnson v. Univ. of P.R., 714 F.3d 48, 54 (1st Cir. 2013). (See MCAD Findings at 4 ("Respondent provides a legitimate, non-discriminatory reason for her termination; involvement in a workplace fight.  Complainant failed to rebut this reason when requested by this Commission.")).  Under these circumstances, the complaint fails to state a claim and must be dismissed.

### IV.  CONCLUSION

For the reasons detailed herein, the defendant's Motion for Judgment on the Pleadings (Docket No. 41) is ALLOWED.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge

---

[4] In reality, Ms. Hardy did not raise the issue of race before the MCAD, and that claim is not exhausted. This court also notes that there is nothing in the complaint which raises a claim of retaliation, even though such a claim was addressed by the MCAD. Nevertheless, for the same reasons discussed herein, any claim of race discrimination or retaliation would be dismissed for failure to rebut the non-discriminatory reason given for the termination of Ms. Hardy's employment.